IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Clarence K. Voigt, | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| Plaintiff, | ) | **CHANGE VENUE** |
| vs. | ) | |
| | ) | |
| U.S. District Court Judge Patrick Conmy, | ) | Civil File No. 1:08-cv-01 |
| Magistrate Judge Charles Miller, | ) | |
| Eighth Circuit Court of Appeals Judge | ) | |
| James Loken, and U.S. District Court | ) | |
| Judge Daniel Hovland, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Motion for Reconciliation of a Change of Venue (Doc. #3). Plaintiff also seeks explanation as to why the undersigned judge has been assigned to this case. He further questions the delay between the filing of his motion to proceed *in forma pauperis* ("IFP") and the Court's ruling on the matter.

Venue

Pursuant to the United States Code,

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).  Here, Judges Conmy, Miller, and Hovland reside in North Dakota.  Only Judge Loken does not.  Furthermore, it appears Plaintiff's complaint is based on rulings from various judges in the District of North Dakota and Judge Loken's dismissal of a judicial complaint filed against Judge Conmy.  Therefore, "a substantial part of the events or omissions

giving rise" to Plaintiff's claim occurred in North Dakota and the District of North Dakota is the appropriate venue.

Assignment of the Case

This case has been assigned to the undersigned judge, as well as Magistrate Judge Karen Klein, because every judge in the western divisions of North Dakota has been disqualified. Although the undersigned and Judge Klein maintain offices in Fargo, North Dakota, the case remains venued in the Southwestern Division of the District of North Dakota. Thus, hearings, trials, or other proceedings would be held in the federal courthouse in Bismarck, North Dakota.

Time for Ruling

Plaintiff takes issue with the delay between Plaintiff's filing and the Court's ruling on his Motion to Proceed IFP. His Motion (Doc. #1) was filed on January 2, 2008. The Report and Recommendations recommending denial of his IFP was filed on January 22, 2008.

Each judge within this District has many cases on its docket. At any given time, hundreds of motions are pending within the District, most of which require a judge to research case law, consider the issues, and file a written ruling explaining his or her decision. Here, twelve business days elapsed between Plaintiff's filing and Judge Klein's recommendation. In the opinion of the Court, this time frame was not unreasonable.

**IT IS THE ORDER OF THE COURT** that Plaintiff's Motion be denied in its entirety.

**IT IS SO ORDERED.**

Dated this 29th day of January, 2008.

                                         */s/     Ralph R. Erickson*
                                         Ralph R. Erickson, District Judge
                                         United States District Court